UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------X
DARREN E. THOMAS, et al.,

                        Plaintiffs,                              <u>ORDER</u>

   -against-                                                  CV 11-6084 (JS) (ETB)

JOHN VENDITTO, et al.,

                        Defendants.
-------------------------------------------------------------------------X
DARREN E. THOMAS,

                        Plaintiff,

   -against-                                                CV 12-0065 (JS) (ETB)

TOWN OF OYSTER BAY, et al.,

                        Defendants.
-------------------------------------------------------------------------X

      The above actions were consolidated by Order of Judge Wexler, dated May 9, 2012, which was issued prior to the reassignment to Judge Seybert. The lead case is <u>Thomas v. Venditto</u>, CV 11-6084.

      By Order dated January 18, 2012, the discovery schedule in both actions, although issued prior to the order of consolidation, is identical. That Order provided that all discovery was to be completed no later than August 1, 2012. <u>See</u> Order of Boyle, M.J., dated Jan. 18, 2012. That date was subsequently extended to October 1, 2012. <u>See</u> Order of Boyle, M.J., dated Aug. 6, 2012.

      Now, by letter application dated October 1, 2012, plaintiffs' counsel, Harry H. Kutner, Jr., requests a second extension for four months, primarily to take non-party depositions,

including one located in Colorado, two located in Florida and two persons residing in Maryland.  See Correspondence by Harry H. Kutner, Jr., dated Oct. 1, 2012 at 1-2.

In opposition to this request, counsel for the defendants in the lead action, Christopher Kendric, states that this was also the stated basis for the original sixty-day extension and further notes that none of the non-party depositions have been noticed.

The plaintiffs' application is granted in part and denied in part.  At the outset of this action, and prior to the initial conference, the parties were advised that the flexibility in the discovery schedule was an extension of 120 days for "good cause" shown.  Beyond that, the standard changes to a showing of manifest injustice:

> **4.  Modification of a Scheduling Order**
>
> . . . A scheduling order will be modified by the Court only upon a showing of good cause.  Fed. R. Civ. P. 16(b).  Extensions – not exceeding a total of 120 days – shall be granted based upon good cause.  Any further modification shall only be granted upon a showing of manifest injustice.  Fed. R. Civ. P. 16(e).

Order of Boyle, M.J., dated Dec. 21, 2011 at 2 no. 4.  The plaintiffs have failed to make any showing of manifest injustice to justify extending discovery beyond the 120 days set forth in the Order dated Dec. 21, 2011.

For the foregoing reasons, discovery is extended to December 1, 2012 - another sixty days.  In all other respects, the application is denied.

**SO ORDERED:**

Dated: Central Islip, New York
      October 10, 2012

                                     /s/ E. Thomas Boyle
                                     E. THOMAS BOYLE
                                     United States Magistrate Judge