FILED
CLERK
12:59 pm, Feb 26, 2020
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-----------------------------------------------------------X
DARREN E. THOMAS and MARLENE THOMAS,

        Plaintiffs,

  -against-

JOHN VENDITTO, LEONARD GENOVA, CHRISTINA F. NICOLIA, as Executrix of the Estate of FREDERICK P. IPPOLITO, deceased, CHRISTOPHER GIOIA, JOSEPH S. SALADINO, and TOWN OF OYSTER BAY,

        Defendants.
-----------------------------------------------------------X

**MEMORANDUM OF DECISION & ORDER**
2:11-cv-06084 (ADS) (ARL)

**APPEARANCES:**

**Harry H. Kutner, Jr.**
*Attorney for the Plaintiffs*
136 Willis Avenue
Mineola, NY 11501
    By:    Harry H. Kutner, Jr., Esq.

**Christopher Kendric**
*Attorney for Defendants John Venditto, Leonard Genova, Christopher Gioia, Town of Oyster Bay, and Christina F. Nicolia*
1225 Franklin Avenue, Suite 450
Garden City, NY 11530
    By:    Christopher Kendric, Esq.

**Office of the Town Attorney**
*Attorneys for Defendants John Venditto, Town of Oyster Bay*
54 Audrey Avenue
Oyster Bay, NY 11771
    By:    Jordan S. Lewis, Esq., Assistant Town Attorney,
           Matthew M. Roezea, Esq., Assistant Town Attorney.

**Wilson Elser Moskowitz Ederlman & Dicker LLP**
*Attorneys for Defendant Joseph S. Saladino*
150 East 42nd Street
New York, NY 10017
    By:    David Scott Sheiffer, Esq.,
           Jonathan Ellis Meer, Esq., Of Counsel.

**SPATT, District Judge**:

## I. BACKGROUND

### A. Initial Proceedings

The Court presumes familiarity with the factual and procedural background of this case. However, by way of a review, plaintiffs Darren Thomas ("Mr. Thomas") and Marlene Thomas ("Mrs. Thomas") (the "Plaintiffs") sued defendants John Venditto, Leonard Genova, Frederick P. Ippolito, Christopher Gioia, and the Town of Oyster Bay (the "Town," and collectively, the "Oyster Bay Defendants") in December 2011, pursuant to 42 U.S.C. § 1983, the New York State Constitution, and New York common law, in an action arising out of Mr. Thomas's criminal prosecution for violating Town zoning ordinances. ECF 1. The Plaintiffs alleged that Mr. Thomas, an African American, and Mrs. Thomas, a Puerto Rican, were the first non-Caucasian owners of a home at 121 Fourth Street in Hicksville, New York (the "Property"). *Id.* at 4. The Property is located within the Town. *Id.* at 5.

The Plaintiffs also alleged that: (1) the Property was built as a two-family home prior to the enactment of the Town's zoning code (the "Town Code"); (2) the Property has been used as a two-family home since its erection, although the Property is located in what is now a single-family residential zone, and the Property's certificate of occupancy provides for single-family use only; and (3) the Property is listed on the tax rolls of Nassau County and the Town as a two-family home. *Id.* at 7–8.

The Plaintiffs further alleged that in June 2008, Defendant Gioia, a Town Code Enforcement Inspector, warned the Plaintiffs that they needed to cease using the Property as a two-family unit. *Id.* at 6. In January 2009, Mr. Thomas was criminally charged with two violations of the Town Code. *Id.* at 7. The criminal prosecution remained pending when the

Plaintiffs filed the complaint in this Court. The Plaintiffs raised four causes of action: (1) a due process claim under § 1983 and the New York State Constitution; (2) a claim under § 1983 and the New York State Constitution for selective enforcement, in violation of the Equal Protection Clause; (3) a New York common law claim for abuse of process; and (4) a New York common law claim for malicious prosecution. *Id.* at 4.

### B. Prior Motion Practice

In December 2011, Mr. Thomas filed an Article 78 proceeding in Nassau County Supreme Court against the Town, Venditto, and the Judges of the Nassau County District Court, seeking a writ of prohibition barring his prosecution in state court. E.D.N.Y. 12-cv-00065, doc. 1. In January 2012, the Defendants removed the Article 78 proceeding. *Id.* The Court consolidated the two actions in May 2012. ECF 5/9/12 entry.

The Oyster Bay Defendants moved to dismiss both proceedings for failure to state a claim and for lack of subject matter jurisdiction, pursuant to Federal Rules of Civil Procedure ("FED. R. CIV. P"). 12(b)(1) and 12(b)(6). ECF 39. They submitted an opinion from Mr. Thomas's criminal prosecution, ruling on a motion by Mr. Thomas to dismiss the criminal action on the ground that the Town selectively commenced the action against him because of racial discrimination, in violation of the Equal Protection Clause and the New York State Constitution. ECF 39-4. The Criminal Court Judge denied the motion, ruling that the Plaintiff had not presented sufficient evidence of "conscious, intentional discrimination" by the Town. *Id.* at 4. In addition, the Plaintiffs moved to amend their complaint in this Court. ECF 32, 33.

The Court held that mandatory abstention applied to the Article 78 Petition under *Younger v. Harris*, 401 U.S. 37, 91 S. Ct. 746, 27 L. Ed. 2d 669 (1971). ECF 70 at 7–8. Thus, the Court lacked subject matter jurisdiction over the Article 78 petition, and it remanded the

petition to state court. *Id.* at 8–9. The Court also ruled that Plaintiffs failed to allege the personal involvement of Defendants Venditto, Frederick, or Ippolito in any constitutional violations, and thus, that the Plaintiffs failed to state a claim against them. *Id.* at 21–22. Next, the Court held that the Plaintiffs failed to plead a basis for municipal liability against the Town, because the complaint was "devoid of any allegations from which the existence of a municipal policy [could] be inferred." *Id.* at 22–24. Further, the Court dismissed the equal protection claim against Defendant Gioia in his official capacity as duplicative of the claims against the Town. *Id.* at 23–25. Also, the Court dismissed the due process claim as unripe. *Id.* at 29–30.

However, the Court declined to dismiss the equal protection claim against Gioia in his individual capacity. *Id.* at 27–28. The Court denied the motion to dismiss as to the New York common law claims because it had allowed the individual capacity equal protection claim against Gioia to proceed. *Id.* at 31. In addition, the Court stayed the action pending the resolution of Mr. Thomas's ongoing criminal prosecution. *Id.* at 20, 33.

The Court also denied the motion to amend because the Plaintiff had not submitted a proposed amended complaint. *Id.* at 31. The Court ruled that it would only grant leave to amend upon the lifting of the stay. *Id.* at 32–33, The Court noted that, if Mr. Thomas were convicted, all of his equal protection claims would be barred by collateral estoppel. *Id.* at 32 n.12.

### C. Subsequent Proceedings and the Pending Motions

In April 2009, Mr. Thomas was acquitted on all charges, and the Plaintiffs moved to reopen the case. ECF 81. The Court granted the motion on April 9, 2019 and referred the case to a Magistrate Judge for the completion of discovery. ECF 83. The following day, the Defendants the Town, Venditto, Genova, and Gioia filed a partial opposition to that already granted motion. ECF 82. In their partial opposition, they only contested the reopening of

4

discovery, contending that the Court had closed discovery in the case in December 2012. *Id.* at 1. Those same Defendants now move for reconsideration. ECF 84.

Following the reopening of the case, the Plaintiffs filed an amended complaint, once again suing the Town, Venditto, Genova, and Gioia. ECF 89. The amended complaint also raised claims against Christin F. Nicolia, as executrix of Ippolito's estate, and against Joseph S. Saladino, the current Supervisor of the Town of Oyster Bay, who allegedly refused to sell his home—a different home from the Property at issue in this case—to the Plaintiffs, when he learned that Mr. Thomas was African American. *Id.* at 6.

Having recently filed their amended complaint, the Plaintiffs now file a letter motion with the Court seeking the Court's leave to move to disqualify the Oyster Bay Defendants' counsel from representing any Defendants besides the Town, based on conflicts of interest. ECF 93. That motion and the reconsideration motion are pending before the Court. In addition, both the Oyster Bay Defendants and Saladino have moved to dismiss the amended complaint. ECF 103, 119. However, those motions are not yet fully briefed.

## II. DISCUSSION

### A. The Reconsideration Motion

#### 1. Legal Standard

FED. R. CIV. P. 54(b) provides that a court is permitted "at any time before the entry of judgment adjudicating all the claims and rights and liabilities of all the parties," to revise "any order or other form of decision." FED. R. CIV. P. 54(b). Local Rule 6.3 sets forth this District's procedural rules with respect to reconsideration motions.

A motion for reconsideration is the proper vehicle for bringing to the Court's attention matters it may have overlooked in its initial ruling or order. *See* Local Civ. Rule 6.3. The

grounds for reconsideration are "an intervening change of controlling law, the availability of new evidence, or the need to correct manifest injustice." *Virgin Atl. Airways, LTD v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992).

The standard for reconsideration is both strict and discretionary. *See, e.g.*, *Sec. & Exch. Comm'n v. Callahan*, No. 12-CV-1065, 2016 WL 11499455, at *1 (E.D.N.Y. Oct. 4, 2016) (Spatt, *J.*). "[R]econsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995); *accord Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Tr.*, 729 F.3d 99, 104 (2d Cir. 2013).

2. **Application to the Facts of This Case**

The Defendants raise only one argument in their reconsideration motion. They contend that the Court signed the order granting the motion to reopen the case before the Defendants had the opportunity to file their partial opposition. ECF 84.

The subsequent history in this case demonstrates that the relief requested by the Defendants, a ruling that discovery had closed, has already been addressed. In August 2019, the parties appeared before United States Magistrate Court Judge Arlene R. Lindsay for a status conference. ECF 88. There, Judge Linsday noted that discovery in the case had been closed since 2012. *Id.* Judge Lindsay again noted the closure of discovery in a hearing held in September 2019. ECF 97. Accordingly, the Court denies the reconsideration motion as moot. *See Edwards v. CGI Grp. Inc.*, No. 11-Civ-8611, 2018 WL 4043142, at *5 (S.D.N.Y. Aug. 10, 2018) ("Ashmore's motion for reconsideration . . . bear[s] on Ashmore's standing to prosecute this case. By granting the motion to substitute Ashmore as Plaintiff in this action, however, the

Court has restored his standing to prosecute this case. The motion for reconsideration . . . [is], therefore, DENIED as moot."); *English v. Murphy-Lattanzi*, No. 12-CV-4179, 2015 WL 630248, at *6 (E.D.N.Y. Feb. 12, 2015) ("Because the Court already decided that Plaintiff's motion to substitute was timely, Defendant's motion for reconsideration is DENIED AS MOOT.").

### B. The Motion Seeking Leave to Move to Disqualify

The Plaintiffs write to the Court, claiming that the Oyster Bay Defendants' counsel should not represent any clients besides the Town, because of multiple conflicts of interest. ECF 93. The Oyster Bay Defendants ask that the Court hold this motion in abeyance, pending the Court's ruling on their motion to dismiss the amended complaint, arguing that if the Court grants the motion to dismiss, the Plaintiffs' proposed motion "may never come to pass." ECF 96. The Plaintiffs did not file a reply.

As an initial matter, the Court finds no authority suggesting that a party must seek a court's leave to file a motion to disqualify opposing counsel. In any event, the Court construes the Plaintiff's letter motion as a motion to disqualify. It denies the motion without prejudice to renewal, pending the outcome of the two motions to dismiss the amended complaint, motions which may obviate the need for the Plaintiffs to move to disqualify in the future. *See Purgess v. Sharrock*, 33 F.3d 134, 144 (2d Cir. 1994) (ruling that motions to disqualify attorneys are committed to the discretion of the court); *Ross v. Blitzer*, No. 09-Civ-8666, 2009 WL 4907062, at *6 (E.D.N.Y. Dec. 21, 2009) ("Indeed, this case might never proceed to trial for any number of reasons, not the least of which is Blitzer's pending motion to dismiss. Accordingly, Ross's motion to disqualify Blitzer's counsel must be denied at this stage in the proceedings, without prejudice to potentially being brought again at a more appropriate time, should the case not be dismissed.").

### III. CONCLUSION

For the foregoing reasons, the Court denies as moot the reconsideration motion, and denies, without prejudice to renewal, the motion to disqualify counsel.

It is **SO ORDERED.**

_____/s/ Arthur D. Spatt_____  \_\_\_\_\_February 26, 2020\_\_\_\_\_

Arthur D. Spatt, U.S.D.J.   Date